# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAMIEN ARMEAD GAINES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV414-208 |
| | ) | CR410-260 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Damien Armead Gaines, who was convicted and sentenced for possession of a firearm by a convicted felon and possession of a stolen firearm, has filed a form 28 U.S.C. § 2255 motion that should be construed as a petition pursuant to 28 U.S.C. § 2241 and dismissed.[1] (Doc. 1.[2])

He contends that the Court violated his rights by failing to order that he receive credit for any time that he has served on a separate state

---

[1] Substance must govern over nomenclature, so the Court may recharacterize mislabeled petitions. *Castro v. United States*, 540 U.S. 375, 381 (2003).

[2] Unless otherwise noted, citations are to the docket in movant's civil case, CV414-208. "Cr. doc." refers to documents filed under movant's criminal case, CR410-260.

sentence. This is required, he contends, pursuant to United States Sentencing Guidelines ("USSG") § 5G1.3(b). (Doc. 1 at 15.) His state sentence, however, had not yet been imposed when he was sentenced by this Court, and that is a predicate for § 5G1.3(b) sentencing determinations.[3] USSG § 5G1.3(b); (doc. 3-1 at 4). For that matter, attacks like this -- on the *execution* of a sentence -- must be brought pursuant to § 2241 and must be exhausted. *E.g.*, *United States v. Pruitt*, 417 F. App'x 903, 903 (11th Cir. 2011).

The government concedes that Gaines has exhausted his state remedies and that he is due the sentence he seeks, even if his § 5G1.3(b) claim here technically fails. (Doc. 3 at 6.) To that end, it has attached an affidavit from Federal Bureau of Prisons Management Analyst Shannon Rodriguez stating that she has audited Gaines's sentence computations and his requested relief has already been granted. (Doc. 3-1.) She is correct. Gaines was arrested on state charges on August 21, 2010. (*Id.* at 3.) He was federally sentenced to serve eight years' imprisonment on December 23, 2011. (Cr. doc. 97.) A three-year state

---

[3] USSG § 5G1.3(c) applies in cases like this where there is no state conviction but the facts underlying an anticipated state term of imprisonment are used as relevant conduct during sentencing in the instant federal offense.

sentence was handed down on August 2, 2013. (Doc. 3-1 at 4.) The Bureau of Prisons has treated the state and federal sentences as running concurrently. The three-year state term expires on April 2, 2016. (*Id.* at 11.) His present federal release date is August 9, 2017 -- assuming he receives good time credit, which reduces his total time of incarceration by a little over one year. (*Id.* at 2; *id.* at 16 (full term date, without good time credit, is August 20, 2018, eight years after his initial arrest).) Gaines will serve less than seven years of incarceration on an eight year sentence. So even if his § 2241 claim survived on the merits, it is moot.[4]

This case should be **DISMISSED**. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on appeal,

---

[4] Gaines also contends that his attorney was ineffective for failing to raise § 5G1.3(b) at sentencing. Under *Strickland v. Washington*, 466 U.S. 668 (1984), he must show that his lawyer rendered deficient performance and that the deficient performance prejudiced him. *Id.* at 694. Since 5G1.3(b) has no application here, that claim necessarily fails. Moreover, Gaines ultimately received the sentence he hoped for, so he can show no prejudice.

an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 20TH day of April, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**